Richard L. Fairfield received a building permit onDecember 17, 1991, to build a two-story bam on the southerly side of a two-acre lot on Pine Hill Road in Southborough. The principal stmcture on the lot was Fairfield’s single-family residence. Fairfield proposed to use the bam to do woodworking, a hobby he and his son passionately shared and in connection with which they had acquired a large collection of tools and machinery. On February 27, 1992, after Fairfield had completed framing the bam, the town building inspector revoked the building permit because an accessory building in the Residence A zoning district could, under the zoning by-law, have only one story. This regulation, the building inspector said, had been “called to his attention,” one surmises by Florence O. Livoli, Fairfield’s neighbor to the south, who was greatly displeased by the bam project. The barn is a sizeable structure. We have mentioned its height; its on-the- *838 ground dimensions are 30 feet by 50 feet. Proceedings in the board of appeals and Superior Court, which, for our purposes, are nondispositive preludes, led to a second hearing before the board of appeals, at which the five members unanimously decided that if Fairfield removed the second floor and the stairway to it, his bam would comply with the zoning by-law. From that decision of the board of appeals, the plaintiffs pursued their appeal under G. L. c. 40A, § 17. This appeal is from a judgment of the Superior Court that the board of appeals had acted within its authority.
Section 174-2 of the Southborough zoning by-law defines an “accessory building or use” as:
“A building, stmcture or use customarily incidental and subordinate to the principal permitted use of building or land, located on the same lot as the principal permitted building or use, and not prohibited by this chapter.”
The schedule of dimensional regulations in the zoning by-law permits accessory buildings on a lot in the Residence A district. That same schedule establishes a height limit of 35 feet and 2lh stories for the principal building on the lot. For an accessory building, the code sets a limit of one story but no height limit. A “story” is defined in § 174-2, as:
“The part of a building between the top of any floor and the top of the floor or roof next above, including a basement, but excluding a cellar or attic.”
Any statute, the plaintiffs remind us, should be interpreted so as to render it a “consistent and harmonious" whole, so far as reasonably practicable.[4] Vining Disposal Serv., Inc. v. Selectmen of Westford, 416 Mass. 35, 38 (1993). Hall v. Zoning Bd. of Appeals of Edgartown, 28 Mass. App. Ct. 249, 254 (1990). We are not to look at provisions of a by-law in isolation, Owens v. Board of Appeals of Belmont, 11 Mass. App. Ct. 994, 995 (1981), but are to read them contextually. Murray v. Board of Appeals of Barnstable, 22 Mass. App. Ct. 473, 478 (1986). We are to avoid an absurd result when the language is susceptible to sensible meaning. Green v. Board of Appeal of Norwood, 358 Mass. 253, 258 (1970). Champigny v. Commonwealth, 422 Mass. 249, 251 (1996). Marshall v. Topsfield, 13 Mass. App. Ct. 425, 428 (1982). Finally, the plaintiffs offer from the catalog of statutory construction principles that we are to respect the plain meaning of words in accordance with common usage. Shabshelowitz v. Fall River Gas Co., 412 Mass. 259, 262 (1992). Mahoney v. Chelsea, 20 Mass. 91, 94-95 (1985).
The plaintiffs embrace those reliable chestnuts to support a theory that the drafters of the Southborough zoning by-law could not possibly have contemplated a 32.3-foot high accessory building, if a 2[1] /2-story principal building could be no more than 35 feet high. Those limitations for a *839 principal building, the plaintiffs suggest, contemplated stories not in excess of 14 feet in the Residence A district. The flaw in the argument is that the drafters of the by-law might easily have inserted a height limit for accessory structures, as they did for principal structures, and they elected rather conspicuously not to, thereby igniting still another canon of construction, namely, inclusio unius est exclusio alteráis. Harborview Residents’ Comm., Inc. v. Quincy Hous. Authy., 368 Mass. 425, 432 (1975). Somerset Importers, Ltd. v. Alcoholic Bev. Control Commn., 28 Mass. App. Ct. 381, 387 (1990). It is not inconsistent or dissonant with the zoning by-law that an accessory building might be a one-floor bam or studio, as high as 32.3 feet. The record contains no evidence requiring a finding that such a story height would be outlandish for a bam. The term “story,” as applied to buildings, does not have a common usage that renders absurd the conclusion of the board of appeals that a story in an accessory building was not limited hi height. The board’s hiterpretation of the town by-law is literally correct and not contextually an unreasonable one. The board was understandably chary about readhig into the zoning by-law a dimensional restriction that the by-law did not contain. A reasonable interpretation of its own zoning by-law by a local board, such as a board of appeals, is entitled to deference. H.N. Gorin & Leeder Mgmt. Co. v. Rent Control Bd. of Cambridge, 18 Mass. App. Ct. 272, 276 (1984).[5]
The case was submitted on briefs.
Aaron K. Bikofsky, for the plaintiffs.
Frederick A. Busconi & Scott F. Busconi for the Zonhig Board of Appeals of Southborough.
Fred Grosso for Richard L. Fairfield.

Judgment affirmed.

 In their brief, the plaintiffs have failed entirely to comply with Mass.R.A.P. 16(g), as amended, 367 Mass. 920 (1975), which requires citations to decisions and other authorities to include, “in addition to the page at which the decision or section begins, a page reference to the particular material therein upon which reliance is placed, and the year of decision; as, for example: 334 Mass. 593, 597-598 (1956).”

 We need not decide the correctness of the board’s decision that the upper limits of story height for an accessory building were established by the height ceiling for primary buildings in the Residence A district, i.e., 35 feet.