Wexler, James H., J.
This G.L.c. 40A, §17 zoning appeal arises from the operation of the Harley House, a bed and breakfast in Lunenburg. The plaintiffs, abutters to the Harley House, contend that publicly-advertised bi-weekly dinners constitute the operation of a restaurant without a permit in violation of the Lunenburg Zoning By-Laws (“By-Laws”). Defendant Mary L. Padula (“Padula”), the owner and operator of the Harley House, claims that the bi-weekly dinners comply with a 1999 special permit allowing for the operation of a function facility on the premises. The plaintiffs now ask the Court to overturn a decision by the Lunenburg Zoning Board of Appeals (“ZBA”) affirming the Harley House’s compliance with its 1999 special permit and to declare that the Harley House is operating a restaurant in violation of the By-Laws. The Court heard the case on July 6, 2005. For the reasons explained below, the plaintiffs’ request for relief pursuant to G.L.c. 40A, §17 is ALLOWED.

FINDINGS OF FACT

After trial, based upon the credible evidence and the reasonable inferences drawn therefrom, I make the following findings of fact and rulings of law. The Harley House operates under a September 14, 1999 special permit issued by the Lunenburg Planning Board (“Planning Board”). This special permit authorizes the operation of a three-bedroom bed and breakfast, function facility, and catering service at a business/residential district property located at 909 Massachusetts Avenue in Lunenburg. The permit restricts the number of events at the premises to 150 events annually. The permit also limits attendance at each event to 100 people.
In addition to meals served to its guests, as permitted under the special permit, the Harley House began serving dinners to the public in February 2003. The Harley House offers these dinners twice a week at regularly scheduled hours on Wednesdays and Fridays. The Harley House also serves dinners on Thanksgiving, New Year’s Eve, Valentine’s Day, Easter, and Mother’s Day. The bed and breakfast advertises these dinners in the local newspapers. On February 21, 2003, the plaintiffs requested an enforcement order from the Lunenburg Building Inspector (“Building Inspector”) ordering the Harley House to cease and desist from holding its weekly dinners. The Building Inspector denied the plaintiffs’ request. His March 6, 2003 decision states:
This office has determined based on the use of the premises, that under the State and National Building Codes, the “banquet/function activity” and the referenced “restaurant activity” are considered the same. (CMR 780, Section 303.0 assembly use groups) and (2000 International Building Code, Section 303.1).
It is the opinion of this office that the activities associated with the Special Permit have been within the regulations of the Special Permit. Therefore, the *671 property at 909 Massachusetts Avenue is currently not in zoning violation.
On March 26, 2003, the plaintiffs appealed the Building Inspector’s decision to the ZBA under G.L.c. 40A, §8. The ZBA affirmed the Building Code Inspector’s decision on May 21, 2003. The decision states:
There was extensive discussion on interpretation of what is a restaurant and what is a function and discussion relative to the interpretation of the Lunenburg Zoning By-Law on Bed and Breakfast and the associated allowed functions. For details refer to the minutes of the meeting.
The Board reviewed the evidence presented by both parties and the discussion focused on the interpretation of paragraph 4.4.3.6.3. Function Facility and Section 4.4.3.8. Any other use similar to the uses hereinbefore listed injunction or general character.
The discussions moved to the central question before the Board. That is did “dinners” cany the same weight as receptions, weddings, and business and civic meetings, etc., or was the intent of the by-law to make dinners subservient to those affairs . . .
After due deliberation a motion was made to uphold the opinion of the Zoning Enforcement Officer as to these issues.

DISCUSSION

Although review under G.L.c. 40A, §17 is de novo, a decision by a zoning board of appeals “cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.” Davis v. Zoning Bd. of Appeals of Chatham, 52 Mass.App.Ct. 349, 356 (2001), citing Roberts v. Southwestern Bell Mobile Sys., Inc., 429 Mass. 478, 486 (1999). This high standard accounts for a zoning board of appeal’s discretion to allow or deny a special permit. Davis, 52 Mass.App.Ct. at 356.
The Lunenburg Zoning By-Laws (“By-Laws”) delineate the permitted uses allowed under a land use designation. Protective Bylaw of the Town ofLunenburg, §4.4.2 (2002). The By-Laws generally prohibit “any use not specifically listed or otherwise permitted.” Id. at §4.1.2. In the case of a special permit, however, the By-Laws allow additional uses. The By-Laws also delineate these additional uses allowed for each land use designation. Id. at §4.4.2.3. A property owner in possession of a special permit may use the property for any “other use similar to the uses [permitted by te special permit] in function or general character.” Id. at 4.4.3.8.
The Harley House has a special permit to operate as a function facility. The central issue in this case is whether bi-weekly dinners constitute the use or similar use of the Harley House as a function facility. The plaintiffs contend that the Harley House is operating a defacto restaurant, a use separate and distinct from that of a function facility. Padula claims that the dinners fall within the ambit of a function facility.
The By-Laws define a function facility as, “A building and its grounds used for meetings and events to include receptions, dinners, weddings, and similar social affairs, and business and civic meetings.” Id. at §2.1.1.18. The By-Laws do not define the term, “dinners.” In interpreting Section 2.1.1.18, the Court must follow the By-Law’s plain and unambiguous language. Acme Plastering Co., Inc. v. Boston Hous. Assoc., 21 Mass.App.Ct. 669, 675 (1986), quoting Condon v. Haitsma, 325 Mass. 371, 373 (1950). Additionally, the By-Law should be interpreted in a manner that gives meaning to the provision in its entirely. Livoli v. Zoning Bd. of Appeals of Southborough, 42 Mass.App.Ct. 921, 922 (1997).
This Court finds the ZBA decision to be arbitrary and capricious because it fails to give meaning to the By-Law’s definition of the term “function facility” as a whole. The ZBA’s piecemeal approach to Section 2.1.1.18 focused on the definition’s inclusion of the term “dinners.” In considering this term in isolation, the “central question” considered by the ZBA was what weight to accord the word “dinners” vis a vis other events listed in the definition. The ZBA concluded that the Harley House’s dinners constituted a use or similar use of the premises as a function facility.
Reading Section 2.1.1.18 in its entirety, however, indicates that the By-Law envisions a different scheme for the operation of a function facility. The section begins by defining the facility as, “[A] building and its grounds used for meetings and events.” The By-Law then qualifies this definition with an illustrative but non-exhaustive list of the types of meetings and events included: “receptions, dinners, weddings, and similar social affairs, and business and civic meetings.” The grouping together of these “similar social affairs” indicates a shared character or inherent commonality: Section 2.1.1.18 contemplates events in which a host other than the Harley House itself utilizes the function facility for a meeting or event. In this scenario, the host must invite guests to the dinner; dinners in a function facility are not open to the general public.
The definition of the term “dinner” itself supports this reading. As requested by defendant Padula, the Court takes judicial notice of the first definition for the word “dinner” in the Webster's New Collegiate Dictionary as, “la: the principal meal of the day.” Id. 356 (9th ed. 1987). In adopting a comprehensive approach, however, the Court also takes judicial notice of the second definition for the word “dinner” as, “lb: a formal feast or banquet.” Id. Considering the term “dinner” within the context of the other events enumerated in the definition of a function facility indicates the use of the term “dinners” in Section 2.1.1.18 to mean a formal feast or banquet.
Given the regularity of the dinners, the fact that they are offered to the general public, and the fact that they are hosted by the Harley House, the Wednesday and Friday night dinners as well as the holiday dinners do not fall within the ambit of a function facility. Rather, the *672 Harley House’s bi-weekly dinners constitute the operation of a restaurant in violation of the By-Laws. Although the By-Laws do not specifically define the term “restaurant,” Section 2.1.1.33 contrasts a rooming or boarding house to a restaurant, stating that the former is “not open to transient guests.” In other words, under the By-Laws, a restaurant serves meals to the general public. Thus, a dinner served by a restaurant to the general public would be “the principal meal of the day,” whereas a dinner served at a function facility would be a “formal feast or banquet.” The term “restaurant” appears throughout the ByLaws. Sections 4.3.3.l(a)6, 4.3.4.1(c), 4.3.5.1(1), 6.1.1.5, 2.1.1.33. Thus, the Court must assume that had the Town of Lunenburg intended to include restaurant use as an additional allowed use to accompany a bed and breakfast, it would have explicitly done so.

ORDER

For the foregoing reasons, it is hereby ORDERED that the May 21, 2003 Certificate of Finding by the Commonwealth of Massachusetts Town of Lunenburg Zoning Board of Appeals be overturned. The Court further ORDERS a declaratory judgment that the Harley House is operating a restaurant in violation of the Zoning By-Laws of the Town of Lunenburg.