JAMES SEARS *vs.* BUILDING INSPECTOR OF MARSHFIELD & another.[1] No. 07-P-1935. February 6, 2009. *Zoning,* Board of appeals: decision; By-law; Lot size.

We consider here whether certain zoning laws, taken together with G. L. c. 183, § 58, allow a property owner to include land extending to the middle of an adjoining street when calculating lot area for the purposes of obtaining the status of a buildable lot, referred to in the by-law as a "residential lot of record," or grandfather status. We hold that it does not.

The plaintiff, James Sears, owns a 4,800 square foot parcel of land in Marshfield. The Marshfield building inspector denied his application for residential lot of record status under § 9.03 of the town's zoning by-law. The

[1]Zoning board of appeals of Marshfield.

Marshfield zoning board of appeals (ZBA) upheld the building inspector's determination, and the Plymouth Superior Court affirmed the ZBA's decision, finding that the plaintiff's parcel did not meet the 5,000 square foot minimum lot area requirement of § 9.03 or § 6 of the Zoning Act, G. L. c. 40A.

On appeal, the plaintiff argues that the Zoning Act and town by-law, taken together with the so-called derelict fee statute, G. L. c. 183, § 58, entitle his parcel to residential lot of record status. The plaintiff premises his argument to overcome the G. L. c. 40A, § 6, minimum lot area requirement on G. L. c. 183, § 58, as amended through St. 1990, c. 378, § 1, which provides: "Every instrument passing title to real estate abutting a way, whether public or private, watercourse, wall, fence or other similar linear monument, shall be construed to include any fee interest of the grantor in such way, watercourse or monument," with certain exceptions not here relevant. The plaintiff argues that the ZBA should allow him to include the square footage of his fee interest in the area that extends to the middle of the private way abutting his parcel to the southeast. If it did, the lot area of the plaintiff's parcel would total 5,700 square feet.

We cannot accept the plaintiff's construction of the derelict fee statute. First, applying G. L. c. 183, § 58, to zoning laws is inconsistent with the text of that statute. Section 58 enumerates a variety of fee interests — ways, watercourses, and monuments — upon which no construction can occur. Plainly, the fee interest to which § 58 entitles a grantee does not include the right to build. Therefore, it makes little sense to read § 58 as a grant of additional lot area for the purposes of meeting minimum lot size requirements in zoning laws.

Second, the plaintiff's construction does not square well with the purpose of the statute. The Legislature enacted G. L. c. 183, § 58, "to clarify ownership and ease the difficulty of identifying the owners of the small strips of land that lay beneath highways, streams, walls, and other similar boundaries" and to "quiet title to sundry narrow strips of land that formed the boundaries of other tracts." *Rowley* v. *Mass. Elec. Co.*, 438 Mass. 798, 799, 803 (2003). The statute, designed to deal with the enforcement of property rights and the problem of unowned lots, has never applied, nor did the Legislature intend it to apply, to add lot area for zoning purposes.

Third, adopting the plaintiff's construction would lead to a dysfunctional result. For example, an owner of a lot bounded on three sides by a highway could have a buildable lot, yet have only a small corridor of land actually usable for building. Allowing this would undermine a basic purpose of the zoning scheme.

Keeping in mind this reading of § 58, we defer to the ZBA's reasonable interpretation of its by-law, *Livoli* v. *Zoning Bd. of Appeals of Southborough*, 42 Mass. App. Ct. 921, 923 (1997), which defines "[l]ot" as "[a]n area or parcel of land in common ownership, designated by its owner or owners as a separate lot on a plan filed with the administrator of this Bylaw and recorded in the Plymouth County Registry of Deeds." The recorded plan that includes the lot at issue in this case does not indicate that the plaintiff's parcel includes any part of the adjoining way.

In sum, we hold that the derelict fee statute, G. L. c. 183, § 58, does not require a town to include the fee interests covered by the statute when calculating

lot areas required by its zoning by-law or G. L. c. 40A, § 6, and that the Marshfield zoning board of appeals acted reasonably when it construed the Marshfield zoning by-law to exclude those fee interests when calculating the size of the plaintiff's lot.

*Judgment affirmed.*

*James F. Creed, Jr.,* for the plaintiff.
*Robert L. Marzelli* for the defendants.