Macdonald, D. Lloyd, J.
This matter is before the Court on an appeal pursuant to G.L.c. 40A, §17 of a decision by the defendants, the members of the Zoning Board of Appeals of Easton, upholding the decision of the Building Inspector, that a certain lot belonging to the plaintiffs Mark and Susan Dupont was not entitled to so-called “grandfather” protection under the Easton Zoning By-Laws.
The subject parcel is located at 9 Oak Ridge Drive in North Easton (“the Parcel”). The Parcel is comprised of two adjoining lots: the easterly lot, which has an area of approximately 42,800 feet and the westerly lot, which has an area of approximately 18,000 square feet.[3]
Each party has moved for summary judgment.
The Court ALLOWS the defendants’ motion and DENIES the plaintiffs’ cross motion for the reasons that follow.
Factual and Procedural Background
The plaintiffs purchased the Parcel from Eleanor Porter on July 31, 2003. Eleanor Porter obtained the Parcel from Douglas D. Porter and Eleanor Porter (“the Porters”), as tenants by the entirely. The Porters purchased the Easterly Lot from Wallace S. Gilmore (“Gilmore”) on April 27, 1967, and the Westerly Lot from Gilmore on October 1, 1969.
In the fall of 1967,[4] the Town of Easton adopted a Zoning By-Law which set the required area of a build-able lot at 30,000 square feet. The 1967 By-Law included a grandfathering provision for existing lots that did not conform to the new requirements. The provision, Section 8-2(a), stated that the new requirements are “not to apply to existing lots which have been duly recorded in the Bristol County Northern District Registry of Deeds, and which conform to the former requirements of having an area of not less than 6,000 square feet and not less than 60 feet frontage on a street or way.”
At the time of the adoption of the 1967 By-Law, Gilmore owned the Westerly Lot and the Porters owned the Easterly Lot. I.e., the lots were in separate ownership. The 1967 By-Law’s 30,000-square-foot minimum area requirement rendered the Westerly Lot non-conforming.
*193 The current Easton Zoning By-Law, adopted in 1973 (the “1973 By-Law”), contains its own grandfathering provision, Section 4-7, which states:
The area, frontage, width, yard or depth requirements of this by-law shall not apply to any single lot or any mutually adjoining pair of lots for single and two family residential use, having been lawfully recorded as separate lots at the Bristol County Northern District Registry of Deeds prior to the adoption of this by-law, provided that such lot or lots conformed to the area, frontage, width, or depth requirements applicable to such lot or lots under the provisions of the prior Easton zoning by-law and zoning map, adopted on October 2, 1967, and not being held in common ownership with any adjoining land.
As of 1973, the lots were owned by the Porters in common ownership.
On April 6, 2007, the Plaintiffs requested that the Building Inspector for the Town of Easton authorize the redrawing of the lot lines of the parcel. The Building Inspector denied their request, writing that in his opinion, “Lot 7B, which is 18,000 square feet, is not entitled to any protected status under 4-7 of the By-laws and the lot line from the definitive subdivision plan cannot be restored without proper approvals.” The Plaintiffs appealed to the Board, which held a hearing on February 13, 2008 and thereafter denied the appeal.
Discussion
Standard of Review
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). In this case, while there are disputes with regard to the timing of the adoption of the Easton Zoning By-Law and several other points, no facts that are material to the outcome are in dispute. The case, therefore, is ripe for summary judgment.
The Easton Zoning By-Law
The 1973 By-Law grants grandfather status to lots that conformed to the “area, frontage, width, or depth requirements applicable” under the 1967 By-Law and that are not “held in common ownership with any adjoining land.” The Plaintiffs argue that the Westerly Lot conformed to the 1967 By-Law because it satisfied the 1967 By-Law’s “grandfather” provision. Thus, the area requirement of the 1973 By-Law was not applicable. The Defendants contend that because the Westerly Lot did not conform to the minimum area requirement of the 1967 By-Law, it is ineligible for protection under the current By-Law.
The parties also disagree as to the meaning of the final phrase of the “grandfather” provision: “and not being held in common ownership.” The plaintiffs argue that this language directs the reader to the time of the adoption of the 1967 By-Law, a time when the Westerly and Easterly Lots were separately owned. The Board contends that the term, “being,” denotes the present tense and, thus, the current state of ownership.
As a first principle, the Court notes that “[a] reasonable interpretation of its own zoning by-law by a local board, such as a board of appeals, is entitled to deference.” Livoli v. Zoning Board of Appeals of Southborough, 42 Mass.App.Ct. 921, 923 (1997). The defendants’ interpretation of the present-tense phrase, “and not being in common ownership,” as referring to the current ownership status is reasonable. Thus, the 1973 By-Law grandfathering provision does not apply because there is no dispute as to the fact that the Parcel was in common ownership as of the time of the 1973 By-Law’s adoption and as of the time the plaintiffs sought a determination.
G.L.c. 40A, §6
The plaintiffs further submit that G.L.c. 40A, §6 (fourth paragraph), which is the statutory font of grandfathered rights under the Commonwealth’s zoning law, preserves their entitlement to the pre-1967 status of the Parcel.[5]
There are two obstacles to the plaintiffs’ argument. The first is that G.L.c. 40A, §6 itself contains a common ownership exception to the operation of its grandfathering provision. Accordingly, it would be incompatible with its purpose to apply the statute to invalidate a local by-law that incorporates a substantively identical limitation.
Further, the Appeals Court has held that in enacting G.L. 40A, §6, the legislature did not intend to overrule the common-law “merger doctrine.” Preston v. Board of Appeals of Hull, 51 Mass.App.Ct. 236, 238 (2001). See Marinelli v. Board of Appeals of Stoughton. 440 Mass. 255, 261 (2003) (“After examining the legislative history of G.L.c. 40A in detail, the [Preston] court concluded that Legislature did not intend to reject the long-standing merger doctrine . . .”).
In application, the doctrine provides that when separate non-conforming lots come into common ownership, they lose their separate identity for then-current zoning compliance purposes. Preston, 51 Mass.App.Ct. at 238. Thus, the 1973 By-Law’s common ownership provision, which in substance is an expression of the policy interest underlying the merger doctrine, cannot logically be invalidated by the operation of a statute that itself is subject to the doctrine.[6]
Accordingly, the defendants are entitled to summary judgment.
ORDER
The Defendants’ Motion for Summary Judgment is ALLOWED. The Plaintiffs’ Cross-Motion for Summary Judgment is DENIED.

The lots in question were described differently in the parties’ filings. The deeds are likewise inconsistent. The Court will, for clarity’s sake, refer to the 18,000-square-foot lot as the “Westerly Lot” and the 42,800-square-foot as the “Easterly Lot.”

The actual date of the adoption of the Zoning By-Law is in dispute. However, as the specific date is not material to this decision, the Court declines to parse the arguments.

At oral argument, counsel for the defendants suggested that plaintiffs’ failure to raise an argument under G.L.c. 40A, §6 at the hearing of the Zoning Board of Appeals restricts them from doing so now. The Court is not aware of any authority for this proposition, and the Defendants have not suggested any. Moreover, on an appeal of this nature, the Court is required to engage in a de novo review of the facts and arguments, and is not restricted by the content of the proceedings before the Zoning Board of Appeals. See 39 Joy Street Condominium Assn. v. Board of Appeal of Boston, 426 Mass. 485, 488 (1998). Accordingly, the Court addresses the issue of whether the parcel is entitled to protection under G.L.c. 40A, §6.

The Preston court found that the merger doctrine was “a powerful tool in achieving the very goal of the Zoning Act,” namely reduction of non-conformities. Id. at 243.