BENJAMIN R. LORD *vs.* ZONING BOARD OF APPEALS OF
SOMERSET.

No. 90-P-983.

Bristol. January 29, 1991. - March 8, 1991.

Present: ARMSTRONG, FINE, & JACOBS, JJ.

*Zoning,* Nonconforming use or structure, Building permit. *Limitations,*
   *Statute of.*

The ten-year limitations period prescribed in G. L. c. 40A, § 7, is applica-
   ble only to nonconforming structures, and did not protect an owner's
   nonpermissive two-family use of a house located in a single family resi-
   dence zoning district [227-228], nor was the six-year limitations period
   set forth in that statute applicable where the building permits under
   which the owner made structural changes did not contemplate a change
   from single-family to two-family use [228].

CIVIL ACTION commenced in the Fall River Division of the
District Court Department on August 29, 1988.

The case was heard by *John H. O'Neil, J.*

*Mark L. Levin* for the plaintiff.

*Clement Brown* for the defendant.

ARMSTRONG, J. The plaintiff's house is located in a single-
family residence district; a special permit is required for a
two-family residence. The plaintiff appeals from a judgment
sustaining the board's denial of such a permit. There is noth-
ing to that aspect of the appeal. See *Zaltman* v. *Board of
Appeals of Stoneham,* 357 Mass. 482, 484 (1970); *Copley* v.
*Board of Appeals of Canton,* 1 Mass. App. Ct. 821 (1973);
*Subaru of New England, Inc.* v. *Board of Appeals of Can-
ton,* 8 Mass. App. Ct. 483, 486-488 (1979); *Schiffone* v.
*Zoning Bd. of Appeals of Walpole,* 28 Mass. App. Ct. 981,
984 (1990).

The complaint also sought a declaration that work done
under a building permit in 1966, coupled with his use of the

house as a two-family residence from 1976 until 1988, when the building inspector issued a cease and desist order, protected that use under G. L. c. 40A, § 7, making a special permit unnecessary. The judge rejected this contention in his decision, but the judgment does not reflect that ruling.

The 1966 permit authorized an addition to the first floor, consisting of two bedrooms and a living room. At the same time the plaintiff converted the original bedroom and living room on the first floor to a kitchen and bathroom. Between 1967 and 1976 the plaintiff did additional work without benefit of a building permit, adding three bedrooms and a living room in the basement (which already had a kitchen and bathroom). In March, 1972, the plaintiff obtained a building permit to construct a two-car garage. It is agreed that the 1966 permit made no reference to two-family construction or use and that neither the building inspector nor any other town official was aware until 1988 that the plaintiff was using the house in that manner.

The second paragraph of G. L. c. 40A, § 7, as amended through St. 1987, c. 481, § 1,[1] contains two separate limitations periods for actions brought to redress zoning violations: the first, six years, applicable to actions complaining of structural violations or use violations if "real property has been improved and used in accordance with the terms of the original building permit"; the second, ten years, applicable to actions complaining of structural violations for which no permit was given. (The limitations period runs in each case from the commencement of the alleged violation.) In contrast to the six-year limitations period applicable to zoning violations ostensibly authorized by a building permit, which explicitly covers both structural violations and use violations, the ten-year limitations period for zoning violations unsanctioned by a permit covers only structural violations. The omission of protection for use violations not sanctioned by permit is plain on the face of the statute.

---

[1] The amendments to § 7 effected by St. 1989, c. 341, § 21, if applicable to this case, would not affect the result.

It is not contested that the ten-year limitations period protects the structural alterations done by the plaintiff without a building permit. The plaintiff, however, urges that we interpolate protection also for uses into the ten-year limitations period, consistently (he argues) with our similar treatment of G. L. c. 40A, § 6, first par., in *Willard* v. *Board of Appeals of Orleans*, 25 Mass. App. Ct. 15 (1987). The interpolation there, however, was necessary to make sense of the statute, "to render [the] statute intelligible and so effectuate its obvious intent." *Id.* at 21. No similar confusion arises from the omission in § 7 of protection for nonpermissive use violations.

The six-year limitations period does not protect the use of the premises as a two-family house. As in the case of the building permit to enclose a porch in *Cape Resort Hotels, Inc.* v. *Alcoholic Lic. Bd. of Falmouth*, 385 Mass. 205, 219 (1982), which presaged no change of use, the record here does not show that the 1966 building permit for the addition contemplated introduction of two-family use. Nor, by 1972, can it be said that a permit for a two-car garage signaled that two families would be using the house.

The judgment is to be amended by adding a paragraph declaring that the use of the plaintiff's house as a two-family dwelling is not protected by the provisions of G. L. c. 40A, § 7. As so amended, the judgment is affirmed.

*So ordered.*