EDWARD LOWRY WYMAN & another[1] *vs.* ZONING BOARD OF
APPEALS OF GRAFTON & others.[2]

No. 96-P-296.

Worcester. February 4, 1999. - August 26, 1999.

Present: WARNER, C.J., KAPLAN, & KASS, JJ.

*Zoning,* Variance, Conditions, Building inspector.

In an action for judicial review under G. L. c. 40A, § 17, of a decision of a
zoning board of appeals, the defendant's motion for judgment on the
pleadings on the plaintiffs constitutional claims was correctly allowed, in
the circumstances, where the statute afforded adequate remedy for any er-
rors in the administration of the zoning law. [636-637]

An alleged violation of a written condition to the grant of a variance is a mat-
ter that a building inspector or a zoning board of appeals has authority to
correct. [637-638]

CIVIL ACTION commenced in the Superior Court Department on
July 5, 1994.

The case was heard by *Herbert F. Travers, Jr.,* J., on a mo-
tion to dismiss, and a motion for separate and final judgment
was heard by him.

*Barbara J. Saint Andre* for Zoning Board of Appeals of
Grafton & another.

*Pastora Chace Wyman,* pro se, submitted a brief.

KASS, J. In 1980, Rosemarie and Thomas Casale were granted
a variance by the Zoning Board of Appeals of Grafton (ZBA)
that enabled them to build a single-family house on their land at
162 Old Upton Road, Grafton. To that variance[3] the ZBA at-
tached a written condition: "drainage from the Wyman property

---

[1]Pastora Chace Wyman.

[2]Roger Dubois, inspector of buildings of Grafton, and Thomas Casale and
Rosemarie Casale.

[3]The variance is not in the record, and we do not know the nature of the
relief given from literal enforcement of the zoning by-law.

shall not be restricted." The plaintiffs, Pastora Chace Wyman and Edward L. Wyman, are the owners of the property benefited by the variance condition. They claim that the Casales have violated the variance condition and that their property, in consequence, has been flooded. The building inspector and the ZBA have taken the position that violation of the variance condition is a private matter which the building inspector has no duty to correct. Upon judicial review pursuant to G. L. c. 40A, § 17, a judge of the Superior Court allowed a motion to dismiss the complaint "primarily, because the alleged violation of a variance condition imposed at the time of the grant, (1980), does not appear to be a violation of 'any zoning ordinance or by-law,' a requirement of c. 40A, § 7." We conclude that a zoning code enforcement officer has the authority and the duty to enforce a condition of a variance.

According to the Wyman complaint, the factual allegations, which we accept for purposes of analysis, the Casales installed a six-inch culvert on their land in 1986 that restricted drainage on the Wyman property. The then incumbent building inspector ordered the Casales to remedy that restriction, which they undertook to do by some grading measures on their property and that of the Wymans. Some time later, the Casales filled in a low area of their driveway, including the area of a drainage ditch, and that further restricted drainage from the Wyman property.

1. *Constitutional claims.* It is a difficulty of the Wyman complaint that it is diffuse, with eighty-one paragraphs, three counts, and thirteen prayers for relief. Much of the complaint and much of the Wyman brief on appeal assert denials of due process and equal protection of the laws. That is altogether out of focus as the zoning enabling act, G. L. c. 40A, affords adequate administrative and judicial remedies for errors in administration of the zoning law. Due process or equal protection claims are very seldom the means to seek review of the actions of land use agencies, with the door only slightly ajar for relief in "truly horrendous situations." *Freeman* v. *Planning Bd. of W. Boylston*, 419 Mass. 548, 560-561, cert. denied, 516 U.S. 931 (1995). *Nestor Colon Medina & Sucesores, Inc.* v. *Custodio*, 964 F.2d 32, 45 (1st Cir. 1992). This case is not such a one. At worst, the building inspector and the ZBA may have misconceived their authority and duty, a question reviewable under G. L. c. 40A, § 17. Judgment on the pleadings,

Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), was rightly allowed on the constitutional claims.

2. *Enforcement of variance conditions.* Section 7 of c. 40A of the General Laws charges the inspector of buildings (or analog office) of a city or town with the enforcement of the zoning ordinance or by-law.[4] Persons aggrieved by the failure of the enforcement officer to act may appeal to the permit granting authority.[5] G. L. c. 40A, § 8. *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230, 232-233 (1981).

Conditions of a variance or a special permit are subsumed in the provisions of c. 40A and ordinances or by-laws under which they are promulgated; they are part of the zoning law to be enforced. This is apparent from the text of G. L. c. 40A, § 7, which in the second sentence of the second paragraph, in relation to structures, speaks of actions to compel removal of violations of "any ordinance or by-law . . . or the *conditions* of any variance or special permit . . . ." *Ibid.*, as appearing in St. 1975, c. 808, § 3, and with emphasis supplied. So it was that in *Vokes* v. *Avery M. Lovell, Inc.*, 18 Mass. App. Ct. 471, 483-484 (1984), we wrote of enforcement of a limitation in a variance to one garage. See *Chambers* v. *Building Inspector of Peabody*, 40 Mass. App. Ct. 762, 766-767 (1996) (condition in a special permit about location of a building enforced); Bobrowski, Massachusetts Land Use and Planning Law § 7.4, at 275 (1993) ("The § 7 mechanism is also available to seek enforcement of conditions of a special permit, variance, or site plan review decision"). The building inspector, ZBA, and motion judge, sequentially, were in error in characterizing adherence to a variance condition as a private matter. A condition of a variance or special permit is presumed to be inserted in the public interest, not a private interest. Cf. *Beacon Hill Civic Assn.* v. *Ristorante Toscano, Inc.*, 422 Mass. 318, 320-324 (1996). A violation of

---

[4]So far as material to this case, G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3, provides: "The inspector of buildings . . . shall be charged with the enforcement of the zoning ordinance or by-law . . . . If the officer or board charged with enforcement of zoning ordinances or by-laws is requested in writing to enforce such ordinances or by-laws against any person allegedly in violation of the same . . . ."

[5]Under G. L. c. 40A, § 1A, the "permit granting authority" is the board of appeals or zoning administrator. *Neuhaus* v. *Building Inpsector of Marlborough*, 11 Mass. App. Ct. 230, 232 n.8 (1981).

such a condition is, therefore, a matter of public interest, warranting the enforcement attention of the building inspector.[6]

It has, so far as the record stands, not been established whether the "no interference with drainage" condition of the variance was in fact violated by the Casales or whether the difficulties on the Wyman property had another source.

The judgment of dismissal is affirmed as to the constitutional claims and is reversed as to the remaining claims. The case is remanded to the Superior Court for entry of an order remanding proceedings to the ZBA for a determination whether, as matter of fact, the Casales have violated the variance condition and, if they have, for the formulation of an order directed to the building inspector in accordance with this opinion, i.e., to enforce the variance condition.[7]

*So ordered.*

---

[6]We do not intimate that the public nature of a condition of a variance forecloses a private action for breach of such a condition, particularly one for damages.

[7]There are other counts against the Casales for trespass and for declaration of an easement in favor of the Wymans that are not disposed of. The judge had certified under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), that there was no just reason for delay in entering judgment for the ZBA and the building inspector. The judge of the Superior Court before whom the matter comes on remand (the judge who originally heard this aspect of the case has retired) may, in discretion, order that proceedings on the trespass and easement counts be stayed, pending determination of the zoning component of the case.