Muse, Christopher J., A.J.
Plaintiff, Albion Howard (“Howard”), appeals from the Town of Dennis Zoning Board of Appeals (the “Town”) decision and order dated July 25, 2003, which seeks to enforce its Zoning By-Laws concerning the use of a single-family dwelling unit as two single-family dwelling units.
For the following reasons Howard’s complaint is DISMISSED and the Town’s counterclaim is ALLOWED, as further described below.

BACKGROUND

Albion Howard owns two parcels of land in West Dennis, MA on which he built a single-family dwelling (the “Property”) in 1978. In 1984, Howard applied for a building permit to renovate his garage into an apartment for his mother. His building permit application originally referenced the word “apartment” in the remarks section of the application, however, at the request of an employee of the Building Department, the word “apartment” was crossed out and replaced with “living area.”[1] The application also listed the proposed use of the renovation as “1 family.” Thereafter, the Town authorized building permit No. 551 to Howard, which read “add-living room, bedroom & bath.” Even though the permit was silent regarding authorization to construct kitchen facilities, Howard installed a stove, refrigerator and associated plumbing in the living area.[2]
Howard completed the renovation in or about 1985. Upon completion of the project, Howard received a Certificate of Occupancy under building permit No. 551-84. Even though all stages of the renovation project were complete at the time of the inspection, the inspection card failed to specify the details of the improvements made.
Howard’s mother occupied the renovated garage from 1985 through 2000. For a brief period of time after Howard’s mother moved out a non-family member occupied the space and most recently, Howard’s son moved in. As a result of Howard’s use of the garage as a second dwelling, the Alternate Building Commissioner for the Town of Dennis (“Commissioner”)[3] served Howard with *366 a Cease and Desist Order on July 25, 2003, ordering him to cease all functions related to the use of his single-family dwelling as two single-family dwellings.
In September 2003, Howard appeared before the Town of Dennis Zoning Board of Appeals to appeal the Commissioner’s order but the Board of Appeals upheld the Commissioner’s decision. His appeal from that decision was timely filed with this court, which conducted a non-juiy trial on July 25, 2006.

DISCUSSION

Howard claims G.L.c. 40, §7, which is the enforcement vehicle used by the Town to support its claim for injunctive relief, provides a limitation on such claims of six and ten years, respectively, for violations involving “use” and “structure.”[4] Both the Town and Howard agree that the resolution of the statute of limitations question is dispositive to this case.
In order for Howard to succeed in asserting a §7 defense, he has the burden of proving that the renovated garage is being used in accordance with the authorized building permit. See Cape Resort Hotels, Inv. v. Alcoholic Licensing Bd. of Falmouth, 385 Mass. 205, 220 (Mass. 1982). The undisputed evidence is clear that the Town’s authorization was expressly limited to the addition of a living area, namely a living room, bedroom and bathroom, and at no point did the Town contemplate Howard’s proposed addition to be an accessoiy apartment. Therefore, because the use of the living area as an accessoiy apartment was unpermitted by the building permit, there is no statute of limitation under §7 that would protect enforcement action seeking prohibition of the use of an unlawful structure. The Town cites Lord v. Zoning Board of Appeals of Somerset, 30 Mass.App.Ct. 226, 227 (1991), and Moreis v. Oak Bluffs Board of Appeals, 62, Mass.App.Ct. 53, n.6 and 7 (2004), to support its position. In Lord, the Court of Appeals held that because the plaintiff transformed his single-family residence into a two-family residence by making alterations to the property not authorized by the license, no statute of limitation applied, and an action compelling the plaintiff to terminate using the structure could be brought at anytime. Lord 30 Mass.App.Ct. 226, 227-28 (1991). In 2004, the Appeals Court expanded on the rulings of Lord and considered the effect of an unpermitted use as it relates to the scope of its permit application. See Moreis, 62 Mass.App.Ct. 53, 58-59 (2004). Furthermore, Moréis holds that building permits are to be interpreted veiy narrowly when considering the protection of §7. Id at n.7. The building permit granted to Howard is plain on its face and clearly authorizes only the addition of a “Living room, bedroom and bath”; to read the permit any other way would alter precisely what the Town authorized.
Howard’s use of the renovated garage as a second dwelling violates the Town’s Zoning By-laws which requires a minimum of 80,000 square feet, as Howard’s property is only 15,200 square feet. Additionally, were the court to conclude Howard’s garage to be an “accessoiy apartment” it would still violate By-laws, which limits accessoiy apartments to 600 square feet. According to the building permit the renovated garage is 1100 square feet.
The court therefore concludes that when the Town authorized the construction of the addition, it approved occupancy of it with a specific enforceable prohibition of the installation and use of cooking facilities and/or stove.
The Town’s cease and desist order is upheld and the stove shall be removed within thirty days of receipt of this decision. However, Howard has the right to maintain any plumbing and/or refrigeration that exist in the renovated garage.

ORDER

For the foregoing reasons, it is ORDERED that Howard’s complaint is DISMISSED, and the Town’s counterclaim is ALLOWED.

The Zoning By-law in effect in 1984 did not contain a provision for accessory apartments.

Not only was the building permit silent as to the kitchen facilities, but the building permit application contained a notation that read “no cooking facilities.”

Elbert Ulshoeffer was the Commissioner for the Town of Dennis as of September 15, 2003.

G.L.c. 40A, §7 provides in relevant part: “[I]f real property has been improved and used in accordance with the terms of the original building permit any criminal or civil action to compel the “abandonment, limitation or modification of the use allowed by said permit or the removal, alteration or relocation of any structure erected in reliance (emphasis supplied) upon said permit” must be commenced within six years from the date of the violation. Additionally, there is a ten-year statute of limitation on any action to compel the “removal, alteration or relocation of any structure by reason of any alleged zoning violation. ”