Muse, Christopher J., A.J.
The defendant, Edward E. Zine,[3] owns a properly located at 63 Ellsworth Drive, East Falmouth, which includes an existing accessory apartment created around 1981. On September 13, 2004, Zine filed an application with the Falmouth Zoning Board of Appeals, seeking recognition of the accessory apartment via a special permit.[4] Following an October 26, 2005, public hearing, the Board granted the special permit. The Board’s decision was premised on: (1) Falmouth bylaw sections 240-3A and B, which it interpreted to allow an accessory apartment that has been in existence for more than ten years[5] to qualify as a pre-existing non-conforming use; (2) the determination that the apartment had adequate parking and utilities and did not adversely impact the neighborhood’s visual character; and, (3) the beneficial effects of granting the permit outweighed the negative impacts.
Plaintiffs Mark J. Sullivan and Rosemary J. Sullivan, Trustees of the Sullivan Family Trust, are owners of a property located at 67 Ellsworth Drive. As they reside in close proximity to the subject property, they were among those attending the public hearing. The *712 Sullivans opposed permit issuance and have appealed the Board’s decision.
On appeal, the Sullivans assert that the Board committed an error of law by approving the continued use of an illegal accessory apartment under sections 240-3A and B and section 240-231 of the Falmouth bylaws. According to the Sullivans in order for a use to be approved under section 240-3A, it must be a legal use at that time.[6] The defendants counter that the accessory apartment is a pre-existing non-conforming use in existence since 1987 and that the issuance of the special permit was within the Board’s discretion. The matter is now before this court on cross motions for summary judgment.

DISCUSSION

I. Standard of Review
Pursuant to Mass.R.Civ.P. Rule 56, a party moving for summary judgment bears the burden of proving that (1) there is no genuine issue of material fact and (2) he is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991); Kourouvacilis v. General Corp., 410 Mass. 706, 710-11 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and therefore an entitlement to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A moving party can meet its burden by showing the non-moving party lacks evidence to support its claim. See Kourouvacilis, 410 Mass. at 711. Once the moving party meets that burden, the non-moving party must show, by admissible evidence, the existence of a dispute as to material fact. Id., citing Godbout v. Cousens, 396 Mass. 254, 261 (1985).
II. Issuance of the Special Permit
The matter before this court is whether the Board had the authority to grant a special permit allowing an existing accessory apartment in a pre-existing structure, when that existing accessory use was not permissible in the structure. It does not. Lord v. Zoning Bd. of Appeals of Somerset, 30 Mass.App.Ct. 226, 227-28 (1991). Here, as in Lord, the addition of an accessory use was not authorized in the original 1980 permit, which only contemplated a structural addition. Id. Thus, as the accessory apartment was an illegal use, the issuance of this special permit, explicitly authorizing that illegal use, was not permissible under section 240-3A of zoning bylaw.[7] See 240-3A (exempting only uses lawfully in existence). Furthermore, section 240-3B of the zoning bylaw is inapplicable, as it only creates an exemption for non-conforming structures. As the accessory apartment is a use, not a structure, the Board’s reliance on section 240-3B was misplaced. See id. at 228 (distinguishing application of the statute of limitations period under G.L.c. 40A, §7, on changes to the structure from changes to the use).
As neither of these sections of the bylaws apply, the Board should have analyzed the matter under section 240-231, which permits and controls the addition of accessory apartments. It did not. Therefore, the matter is remanded to the Board to make findings consistent with that section. See Sheehan v. Zoning Bd. of Appeals of Plymouth, 65 Mass.App.Ct. 52, 55-56 (2005) (requiring specific findings on all conditions imposed in the bylaw).

ORDER

For the reasons stated herein, the defendants’' Cross-Motion for Summary Judgment is DENIED and the plaintiffs’ Cross Motion for Summary Judgment is ALLOWED in part. The matter is remanded to the Board in order to make findings consistent with section 240-231.

Individually and as trustee of the EMS Nominee Trust.

Although a building permit was issued permitting structural additions to 63 Ellsworth Drive in 1980, the permit did not authorize the use of an accessory apartment.

The Board made specific findings that the apartment had been in existence for more than ten years.

The Sullivans argue in the alternative that the Board cannot grant a special permit because it did not make the necessary findings under section 240-231.

As the use was illegal, the fact that it was pre-existing is irrelevant.