Fremont-Smith, Thayer, J.
The plaintiffs, Leon Jaffe and Shirly Jaffe (together “the Jaffes” or “plaintiffs”), brought suit against the City of Newton (“Newton”) in response to its attempts to prevent the Jaffes from leasing 337 Central St., Newton, MA (the “Property”) to five unrelated tenants without a special permit. The Jaffes allege the following claims: (1) violation of G.L.c. 40A, §15 for the failure of Newton’s Zoning Board of Appeals (“the Board”) to timely file a decision; (2) a declaratory judgment establishing the use of the Property as a pre-existing lawful nonconforming use under G.L.c. 40A, §6; (3) the notice of violation is barred by the statute of limitations under G.L.c. 40A, §7; and (4) estoppel to prevent Newton from enforcing the Notice of Violation. Before the court are the parties’ cross motions for summary judgment pursuant to Mass.RCiv.P. 56(c) on all counts of the Amended Complaint. For the reasons explained below, the defendants’ motion for summary judgment is ALLOWED, and the plaintiffs’ motion for summary judgment is DENIED.
BACKGROUND
The Property, a 2.75-story, two-family dwelling unit, includes approximately 16 rooms including, but not limited to, 10 bedrooms and 4 full bathrooms between the two dwelling units and a full kitchen and living room/common room in each unit and sits on a lot of approximately 37,000 square feet. The Jaffes purchased the Property on or about August 1, 1983. The Properly is located in a Single-Family 3 district.
Section 30-5 of Newton’s Revised Ordinances in effect as of 1979 provided that in all single-residence districts, a building or structure was only to be used as a dwelling for one family. The Revised Ordinances required a special permit under Section 30-5 (b) for an association of persons living together in a common dwelling, issued by the Board of Alderman and recorded with the Registry of Deeds. However, the Ordinances did not include a definition of an “association of persons.”
Shortly after the Jaffes purchased the Property, Newton notified them that the Property had a permitted use as a two-family dwelling, and that the existing third apartment was illegal. After receiving notice of the illegal third apartment, the Jaffes submitted to Newton an Application for Plan Examination and Building Permit with plans to renovate the Property and convert the Property to a two-family dwelling. The Jaffes’ Building Permit Application was approved by Newton. The Jaffes obtained an Occupancy Permit for the use of the Property as a two-family dwelling, dated June 7, 1984. The Occupancy Permit, however, was not signed. Leon Jaffe then received a letter from Newton Building Inspector Robert Columbus dated November 30, 1984 notifying Jaffe that in order for Mr. Columbus to conduct his final inspection and issue a Certificate of Occupancy for the Property, the gas and plumbing inspections must be conducted and approved. In a letter dated December 6, 1984, Jaffe notified Columbus that the gas and plumbing inspections for the Property had been conducted and approved, with permits issued by Newton.
Pursuant to a letter from Newton Building Inspector Richard O’Regan to Leon Jaffe dated July 23, 1986, the Jaffes were notified that Newton had received a complaint that the Property was being used as an illegal three-family dwelling in violation of the Newton Zoning By-Laws and/or Ordinance Section 30-5. O’Regan requested an inspection of the Property to investigate, and conducted an inspection on July 29, 1986. Newton did not, however, issue the Jaffes any Notice of Violation(s) or take any action against the Jaffes regarding any alleged zoning by-law or ordinance violations.
On November 20, 1989, Newton adopted Revised Ordinances of the City of Newton and added Ordinance No. T-57 which included, in Section 30-1, a definition of an “association of persons.” Under the Revised Ordinances, Section 30-1, an “association of persons” is defined as, “[a] group of five (5) or more persons eighteen (18) years of age or older, who are unrelated by blood, marriage or adoption; provided that an association of persons as herein defined shall not be deemed to constitute a ‘family’ within the meaning of this ordinance” (“the Ordinance”). The Revised Ordinance of 1989 still required a special permit for an association of persons living together in a single dwelling.
Since 1984, the Jaffes have consistently used the Property as a two-family dwelling, but with each unit occupied by five unrelated tenants. No special permit *124 for the use of the dwelling as housing for an association of persons was ever issued to the Jaffes or their predecessors. From June 7, 1984 to May 30, 2008, Newton never issued a Notice of Violation or initiated any action against the Jaffes for allowing an excessive number of unrelated persons to occupy said Property as being in violation of the Ordinance.
On May 30, 2008, the Jaffes received notice from Newton that their use of the Property violated the Ordinance, because an association of persons was occupying the Properly without a special permit. The Jaffes filed an appeal of the notice to the Board on June 27, 2008, which heard the Jaffes’ appeal on July 16, 2008 and then filed with the City Clerk its written decision denying the Jaffes’ appeal on September 15, 2008. In its decision, the Board found that, “(t]he petitioners admitted that they were renting at least one of the units of the house to five dwellers, in violation of Revised Ordinance §30-8(a) . . . [and] [t]hat an association of persons was living in the house without a special permit granted by the Board of Aldermen in violation of Revised Ordinance §30-8(b).”[3]
The Jaffes commenced this action in October 2008, seeking to overturn the Board’s decision denying them relief from Newton’s zoning ordinance.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns. Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the parly opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. See Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
I. Count I — failure to timely file decision under G.L.c. 40A, §15
In Count I the Jaffes allege that the Board was required to render a decision within 14 days of the hearing as required under G.L.c. 40A, §15. The Jaffes misconstrue this section of the statute. Section 15 allows a zoning authority 100 days to file its decision. G.L.c. 40A, §15 (“[t]he decision of the board shall be made within one hundred days after the date of the filing of an appeal, application or petition”); see also Board of Appeals of Westwood v. Lambergs, 42 Mass.App.Ct. 411, 414 (1997). Only if the Board fails to act within the required 100 days, would the failure to act constitute a constructive grant of the appeal, application or petition. However, the petitioner is required to notify the city or town clerk, in writing, within fourteen days from the expiration of the 100 days, of the constructive approval and that notice has been sent to the parties in interest.
The Jaffes had timely appealed the Notice of Violation to the Board on June 27, 2008, but the Board then promptly considered the appeal at a public hearing on July 16, 2008 and filed its decision with the City Clerk on September 15, 2008, 49 days after the Jaffes filed their appeal. Therefore, the Board acted well within the 100-day time frame required by G.L.c. 40A, §15 and the Jaffes’ complaint as to Count I fails as a matter of law.
II. Count II — pre-existing nonconforming use under G.L.c. 40A, §6
In Count II, the Jaffes claim that their use of the Property of allowing each unit to be occupied by five unrelated tenants constitutes a pre-existing nonconforming use not subject to the current zoning laws, and the decision of the Board should be vacated and reversed. Section 6 of c. 40A, states that a zoning ordinance or by-law will not apply to certain structures or uses that complied with the zoning laws at the time they commenced. In other words, under c. 40A, §6, uses of property that lawfully existed prior to the adoption of ordinances or by-laws, so-called nonconforming uses, are permitted to continue of right after their adoption. See Shrewsbury Edgewater Assoc. Ltd. P’ship v. Board of Appeals of Shrewsbury, 409 Mass. 317, 319 (1991).
Under this grandfather provision, the party claiming the existence of a pre-existing nonconforming use has the burden of proving that it is protected by G.L.c. 40A, §6. Hall v. Zoning Bd. of App. of Edgartown, 28 Mass.App.Ct. 249, 257 (1990). Protection is established by showing that the use of the property was lawful prior to the zoning amendment. Id.-, see also G.L.c. 40A, §6 (“a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun, or to a building or special permit issued before the first publication of notice of the public hearing”) (emphasis added). In addition, the plaintiff must demonstrate that (1) the nature and purpose of the present use is sufficiently similar to the prevailing use at the time the zoning amendment took effect; (2) there is no difference in the qualify, character, or degree of the use; and, (3) the present use is no different in its effect on the neighborhood. Id. If the party succeeds in establishing that the use of his *125 property is a pre-existing nonconforming use, he is exempt from any zoning ordinance not in place when his use first began. G.L.c. 40A, §6.
In a Single Family 3 district, where the Properly is located, the only use permitted as a matter of right is as a dwelling for one family. Newton Ordinances have only permitted dwellings for one family in Single Family districts throughout the Jaffes’ ownership of the Property. Other non-family uses, including the housing of an association of persons, are permitted only after the issuance of a special permit by the Board of Aldermen. The special permit must be recorded in the chain of title to have effect. See G.L.c. 40A, §11.
Prior to Newton’s Revised Ordinances in 1989, the Ordinance did not contain a definition of what constituted an “association of persons.” On November 20, 1989, Newton added Ordinance No. T-57 which included, Sec. 30-1, that defined an “association of persons” as, “[a] group of five (5) or more persons eighteen (18) years of age or older, who are unrelated by blood, marriage or adoption; provided that an association of persons as herein defined shall not be deemed to constitute a ‘family’ within the meaning of this ordinance.”
The Jaffes argue that since the relevant Newton Ordinances did not contain a definition of “association of persons” until 1989, their use of the Properly was lawful when they commenced use in 1984. Since the use of the Property was allegedly lawfully in existence when the 1989 Revised Ordinances were adopted, the Jaffes argue their current use should be protected under G.L.c. 40A, §6. However, Newton’s Revised Ordinances in effect in 1979 provided in Section 30-5, that in all single residence districts, a building or structure was only to be used as a dwelling for one family and a special permit was required for an association of persons living together in a common dwelling.[4] The Jaffes have not asserted any family relationship between any of the tenants that have lived at Property throughout the Jaffes’ ownership of the Property. While the Ordinance in effect when the Jaffes began using the Property did not contain a definition of how many people constituted an “association of persons,” the Jaffes knew that the Property was only permitted to be used as a two-family dwelling, and any non-family uses in either unit needed a special permit. The evidence is clear that the Jaffes were not using each unit for one family, and as such, they needed a special permit in order for five unrelated tenant to lawfully occupy each unit.
Additionally, while the term “association of persons” was not defined in Newton’s Ordinances prior to 1989, the term was “to be construed in accordance with common understanding and usage.” Davis v. Zoning Bd. of Chatham, 52 Mass.App.Ct. 349, 361 n.16 (2001). Black’s Law Dictionary defines an “association” as:
The act of a number of persons in uniting together for some special purpose of business. It is a term of vague meaning used to indicate a collection or organization of persons who have joined together for a certain or common project.
Black’s Law Dictionary (5th Ed. 1979). Based on this definition, a group of unrelated persons who “join together” to act as tenants in a housing unit would be commonly understood as an association of persons, under Newton’s zoning ordinances. The Jaffes, as the party claiming the existence of a pre-existing nonconforming use, have the burden of proving that their use of the Property is protected. Because the Jaffes cannot establish that the Property was lawfully being used prior to the 1989 Revised Ordinances, the defendants are therefore entitled to summary judgment on this claim.
III. Count III — Statute of Limitations under G.L.c. 40A, §7
In Count III, the Jaffes argue that Newton’s Notice of Violation is barred by the statute of limitations found in c. 40A, §7. The six-year statute of limitations is applicable to actions complaining of a structural violation or a use violations if “real property has been improved and used in accordance with the terms of the original building permit.” G.L.c. 40A, §7; Lord v. Zoning Bd. of Appeals of Somerset, 30 Mass.App.Ct. 226, 227 (1991). This does not apply because the Jaffes’ use was not in accordance with any permit. “The omission of protection for use violations not sanctioned by permit is plain on the face of the statute.” Lord, 30 Mass.App.Ct. at 227. When a landowner raises the statute of limitations in c. 40A, §7 as a defense to a zoning enforcement action, he has the burden of proving that his use of his property is in accordance with the permit. Moreis v. Bd. of App. of Oak Bluffs, 62 Mass.App.Ct. 53, 57 (2004).
The Jaffes argue that upon application by Mr. Jaffe in 1984, Newton issued a building permit for the Property to be converted from an illegal three-family dwelling to a legal two-family dwelling, and that there is a six-year statute of limitation based on a structural violation after a permit was issued. But Newton is not complaining of any structural violation. Since Newton did not define an “association of persons” in 1984, the Jaffes argue that the use of the Property by renting to five unrelated tenants in each unit was lawful and in accordance with the building permit. The building permit that was issued in 1984 only allowed the conversion to a two-family dwelling; it permitted an alteration of the building’s structure but did not permit the Jaffes to use the Property as a dwelling place for an association of persons. The 1984 structural building permit is therefore irrelevant for statute of limitation purposes, so the defendants are entitled to summary judgment.
*126 IV. Count IV — Estoppel
Finally, in Count IV, the Jaffes assert that Newton should be estopped from enforcing its zoning ordinances against them because of various assurances and representations allegedly made by Newton’s agents. The Jaffes argue that based on the inspections of the Property by Newton in 1984 and 1986, and the Occupancy Permit for the use of the Property as a two-family dwelling, dated June 7, 1984, Newton represented that the Property was a legal two-family dwelling. But there is no allegation that Newton made any representations that the Jaffes could use the Property for an association of persons. Even if the Jaffes believed that the failure of Newton to issue any Notice of Violation after the inspection of the Property in 1986 was the equivalent of a representation that their use of the Property was lawful, such would not be binding on Newton for purposes of estoppel. As Newton correctly states, the doctrine of estoppel cannot stay the hand of a municipality in enforcing its zoning law. Ferrante v. Bd. of App. of Northampton, 345 Mass. 158, 162 (1962). The rationale behind this principle is that the public have a right “to have the zoning by-law properly enforced [which] cannot be forfeited by the action of its officers.” Cullen v. Bldg. Insp. of N. Attleborough, 353 Mass. 671, 675 (1968). Thus, even had the city made any affirmative assurance on which the plaintiffs reasonably relied (which is not alleged) the plaintiffs would not have any ground for an estoppel. Id.
ORDER FOR JUDGMENT
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED and the Jaffes’ motion for summary judgment be DENIED. Final judgment shall be entered dismissing the plaintiffs’ action.

 The Board further found that “the intent of the 1984 letter, promising to remove that third unit from the house and convert it to a laundry room had been violated, and that the house still had three units, in violation of Revised Ordinance §30-8(b).”

 The Revised Ordinances of 1984 relating to use regulations for single residence districts are identical to the Ordinances of 1979, which predate the Jaffes’ purchase of the Property in 1983.