NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-402

THOMAS M. REZZA

vs.

ZONING BOARD OF APPEALS OF MERRIMAC; THOMAS A. REZZA, third-party defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Thomas M. Rezza, and the third-party defendant, Thomas A. Rezza (together, the Rezzas), appeal from a Superior Court judge's judgment and order allowing the defendant's motion for summary judgment.  The judgment upheld the decision of the zoning board of appeals of the town of Merrimac (defendant or board) affirming an order of the town's zoning enforcement officer that the plaintiff cease and desist operation of his landscaping business on the premises of his residence.  The Rezzas appeal, arguing that the plaintiff's business qualifies as a "home business workshop" and is allowed

as of right under the town's zoning bylaw.[1]  For essentially the same reasons given by the Superior Court judge in her thoughtful memorandum of decision, we affirm.

Background.  1.  Facts and procedural history.  Viewed in the light most favorable to the plaintiff, see Bruno v. Zoning Bd. of Appeals of Tisbury, 93 Mass. App. Ct. 48, 51 (2018), the summary judgment record establishes the following material facts.  The plaintiff resides at a property in Merrimac with his father, mother, and three brothers.[2]  The property is located within Merrimac's Agricultural Residential (AR) zoning district.  The plaintiff has operated a landscaping business, known as Rezza Brothers Landscaping (business), from the property since 2014.  The business employs eight to ten people, including the plaintiff and his three brothers.  The business regularly stores heavy dump trucks, landscaping equipment, and trailers at the property in a Quonset hut and on open areas of the property that are visible to the public.

In 2018, an oral complaint regarding an alleged improper use of the property prompted the zoning enforcement officer to

---

[1] The Rezzas also appealed from an order denying their motion for reconsideration, but make no separate argument on appeal challenging that denial.

[2] The property is owned by the plaintiff's father, the third-party defendant.

2

view the property.  At that time, no action was taken against the plaintiff.  In 2021, after receiving two written complaints about noise and other activity taking place at the property, the officer determined that the plaintiff's operation of his business violated the Merrimac zoning bylaw.  The officer sent a cease and desist letter to the plaintiff, notifying him of the violation and of his right to appeal the order to the board.  The plaintiff timely exercised his right to appeal, and the board held a public hearing.  After the hearing, the board issued a decision affirming the cease and desist order.

The plaintiff then appealed the board's decision to the Superior Court under G. L. c. 40A, § 17, arguing that the decision was "unsupported by the relevant facts . . . , arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  The plaintiff alleged that the board erred by failing to address whether a landscaping business qualified as a home business workshop.  The defendant moved for summary judgment, and the Rezzas filed a cross motion for partial summary judgment.[3]  The judge allowed the defendant's motion and denied the Rezzas' cross motion, thereby affirming the board's decision.  The Rezzas timely appealed to this court.

---

[3] The third-party defendant was added shortly before the summary judgment proceedings.

2.  Merrimac's zoning bylaw.  The Merrimac zoning bylaw (bylaw) provides that "no building, STRUCTURE or LOT may be used, and no building STRUCTURE or part thereof may be erected, reconstructed, enlarged or altered, except in conformity with the regulations herein specified for the district in which it is located."  Article 6 of the bylaw governs the types of structures and uses allowed within the AR district.  Specifically, section 6.2 lists nine permitted uses and structures which include, as relevant here, a "home business workshop."  A "home business workshop" is defined in article 2 of the bylaw, within the definition of "home occupation," as "the business or shop of a painter, carpenter, electrician or similar construction trade."  It is one of four "classes" of home occupations listed in the definition, which imposes the following six limitations on all four classes:

> "1. The occupation is situated in the petitioner's dwelling.
>
> 2. There is no major structural change to the exterior or any other external evidence of such home occupation, other than one accessory, nonflashing SIGN of not more than four square feet.
>
> 3. Not more than one person other than the resident shall be employed on the premises.
>
> 4. No more than four clients shall be scheduled in any one hour nor more than 16 in any one day and only between the hours of 8:00 a.m. and 8:00 p.m.

4

5. There shall be sufficient parking area on the LOT to accommodate expected peak parking by the resident family, employees and clients.

6. No produce nor stock-in-trade shall be sold at retail except insofar as incidental to the home occupation (e.g. teaching supplies), or as specifically permitted in connection with farm uses or home retail occupations."

The town planning board may grant a special permit "conditionally modifying such limitations."[4]  The plaintiff has never applied for a special permit.

Discussion.  "The allowance of a motion for summary judgment 'is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law'" (citation omitted).  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 689 (2022).  Our review is de novo.  See Tracer Lane II Realty, LLC v. Waltham, 489 Mass. 775, 778 (2022).  "We will uphold a zoning board's decision and that of the reviewing Superior Court, 'if a rational basis for the [decision] exists which is supported by the record.'"  Eastern Point, LLC v. Zoning Bd. of Appeals of Gloucester, 74 Mass. App. Ct. 481, 486 (2009), quoting Davis v. Zoning Bd. of Chatham, 52 Mass. App. Ct. 349, 356 (2001).

---

[4] Section 6.7 of the bylaw establishes the planning board of Merrimac as the special permit granting authority for the AR district and sets forth the requirements and criteria for obtaining a special permit.

"We construe the meaning of a bylaw using ordinary principles of statutory construction, beginning with the plain language of the bylaw" (quotation and citation omitted). Williams, 490 Mass. at 693.  See Biogen IDEC MA, Inc., v. Treasurer & Receiver Gen., 454 Mass. 174, 190 (2009) ("Principles governing statutory construction and application also apply to regulations").  "A basic tenet of statutory construction requires that a statute be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous" (quotation and citation omitted). Wolfe v. Gormally, 440 Mass. 699, 704 (2004).

Even assuming that landscaping is a "construction trade" similar to the business of a painter, carpenter, or electrician, the undisputed facts in the summary judgment record make it clear that the plaintiff's landscaping business does not qualify as a home business workshop because it fails to meet several of the limitations that apply to all classes of home occupations. A significant amount of the business is not "situated in the petitioner's dwelling."  The storage of several trucks, including heavy dump trucks, trailers, and other equipment on the property is "external evidence" of the business beyond that permitted in the definition.  The business employs "more than one person other than the resident."  Indeed, multiple nonresident employees regularly come and go during the regular

6

course of conducting the plaintiff's landscaping business on the property.  While the Rezzas argue that the employees spend a de minimis amount of time on the property at the beginning and end of each workday, the fact remains the plaintiff employs more than one person other than himself.[5]  Simply put, the plaintiff's business is not a "home" business.

The Rezzas argue that the motion judge's consideration of the bylaw's limitations on home occupations before a determination of whether a landscaping business may qualify as a home business workshop "puts the proverbial Cart before the horse."  We disagree.  Proper interpretation of the bylaw requires treating the cart and the horse as a whole.  See Galenski v. Erving, 471 Mass. 305, 313-314 (2015); Wolfe, 440 Mass. at 704.  Proverbially speaking, the plaintiff fails to see the forest for the trees.

Finally, we discern no merit in the Rezzas' subsidiary arguments.  The plaintiff had adequate notice of the alleged violation and a meaningful opportunity to be heard, consistent with his due process rights in a zoning enforcement proceeding. The record does not support any actionable claim of selective

---

[5] The Rezzas' "de minimis" argument might be considered if the plaintiff were to apply for a special permit, but he is not entitled to run a multi-employee business on the property as of right.

7

prosecution, discrimination, or conflict of interest. "Due process or equal protection claims are very seldom the means to seek review of the actions of land use agencies, with the door only slightly ajar for relief in 'truly horrendous situations'" (citation omitted). <u>Wyman</u> v. <u>Zoning Bd. of Appeals of Grafton</u>, 47 Mass. App. Ct. 635, 636 (1999). This is not such a situation.

<u>Judgment affirmed</u>.

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Massing, Hand & Hershfang, JJ.[6]),

*Paul Little*

Clerk

Entered:  July 22, 2025.

---

[6] The panelists are listed in order of seniority.