E & J PROPERTIES, LLC *vs.* LISA A. MEDAS, trustee,[1] & others.[2] March 19, 2013. *Zoning,* Variance, Lapse of variance, Conditions. *Time.*

The plaintiff, E & J Properties, LLC, commenced this action in the Land Court, pursuant to G. L. c. 40A, § 17, challenging the decision of the zoning board of appeals of Fall River (board) that reversed an order issued by the Fall River building inspector. The building inspector's order had required the trustee of the C.B.L. Realty Trust (trust) to cease and desist from violating a city ordinance with respect to its execution of a variance previously granted to the trust for certain real property owned by it. After trial, a judge in the Land Court affirmed the board's decision. The plaintiff appealed. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court reversed, *E & J Props., LLC* v. *C.B.L. Realty Trust,* 81 Mass. App. Ct. 1118 (2012), and we then granted the defendants' applications for further appellate review. For the reasons that follow, we affirm the judgment of the Land Court.

*Facts.* In 2005, the trust applied to the board for a variance "[t]o demolish existing structures and to subdivide [the subject property] into twenty . . . buildable lots for use as sites for single-family residences." With its application, the trust submitted a plan indicating that an existing structure, referred to in this litigation as the Global Glass Building, was to be demolished. After consideration, the board issued a variance; in its written decision the board stated that the variance included "permission to demolish the existing structures and divide property into twenty lots and construct a single family dwelling on each lot." The written decision further provided that the "[r]ights [a]uthorized by this [d]ecision shall be exercised within one year of the grant." Within one year of the board's variance decision, the Fall River planning board indorsed an "approval not required" plan that showed the property divided into twenty lots, and sixteen of the lots were sold to the plaintiff. Thereafter, the plaintiff began construction of housing units on some of those lots, and the trust demolished a portion of the Global Glass Building. The trust retained for itself the four lots shown on the plan that were occupied by the remainder of the Global Glass Building.

In January, 2009, the building inspector issued a notice of violation, ordering the trust to "cease and desist" from violating a Fall River zoning ordinance that concerned execution of the variance. In essence, the building inspector sought to have the remainder of the Global Glass Building demolished in ac-

---

[1]Of the C.B.L. Realty Trust.

[2]Zoning board of appeals of Fall River and the individual members of the board.

cordance with his understanding of what was required by the terms of the variance. The trust appealed the notice of violation to the board pursuant to G. L. c. 40A, §§ 13 and 15, contending that the express terms of the variance did not impose a time deadline for completion of all matters permitted by the variance (including the demolition of the building in its entirety). The board reversed the notice of violation, citing the transfer of sixteen lots and the commencement of construction as a "substantial use of the rights" granted by the variance. See *Cornell* v. *Board of Appeals of Dracut*, 453 Mass. 888, 891-892 (2009).

*Discussion.* Judicial review of a zoning board's decision pursuant to G. L. c. 40A, § 17, "involves a peculiar combination of de novo and deferential analyses." *Wendy's Old Fashioned Hamburgers of N.Y., Inc.* v. *Board of Appeals of Billerica*, 454 Mass. 374, 381 (2009), quoting *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 558 (1954). The judge reviews the facts de novo without giving evidentiary weight to the board's findings, *Roberts* v. *Southwestern Bell Sys., Inc.*, 429 Mass. 478, 485 (1999), and reviews with deference the board's "legal conclusions within the authority of the board." *Wendy's Old Fashioned Hamburgers of N.Y., Inc.* v. *Board of Appeals of Billerica, supra.* A board's decision "cannot be disturbed unless it is based on a legally untenable ground," or is "unreasonable, whimsical, capricious or arbitrary." *Id.* at 381-382, quoting *Roberts* v. *Southwestern Bell Sys., Inc., supra* at 487. In this case, we agree with the Land Court judge that the board's decision is none of those things.

The judge found that the board, when it granted the variance to the trust, "necessarily relied" on the trust's representation that the entire Global Glass Building eventually would be demolished, but the board's variance decision neither required demolition nor imposed a time deadline for the demolition to occur. The terms of a variance must appear on its face, see *Mendoza* v. *Licensing Bd. of Fall River*, 444 Mass. 188, 205 (2005), and nothing in the variance decision supports the imposition of a requirement that the demolition occur within a particular time.[3] While the variance decision requires that "rights authorized by the decision" be exercised within one year, demolition was not a "right" authorized by the variance per se. To construe demolition as a "right" subject to lapse after one year would be nonsensical, as demolition was precisely the result sought by the building inspector in his enforcement order.

While G. L. c. 40A, § 10, permits a zoning board to impose conditions (including time conditions) on its grant of a variance, the board in this case did not expressly impose a time condition in the variance it granted to the trust. In the appeal from the building inspector's notice of violation, the board

---

[3]*Hunters Brook Realty Corp.* v. *Zoning Bd. of Appeals of Bourne*, 14 Mass. App. Ct. 76 (1982), is not to the contrary. That case concerned reestablishment of rights under a lapsed variance under a prior version of the third paragraph of G. L. c. 40A, § 10. The Appeals Court observed that time limitations in the statute were consistent with the "Legislature's policy of setting time limits on other uses and authorizations arising in connection with land development under or pursuant to zoning and planning laws." *Id.* at 83 n.11. The operative paragraph of the version of the statute involved in that case expressly imposed time limitations, while the paragraph at issue here, G. L. c. 40A, § 7, second par., permits, but does not require, a zoning board to impose time limits as a condition of granting a variance.

properly considered whether the city ordinance had been violated, as alleged in the notice of violation, on account of the trust's failure to comply with the board's variance decision within some unspecified "reasonable time." The board's decision that the variance does not require demolition within a particular time period is both legally tenable and reasonable. The Land Court judge likewise properly declined to impose such a condition by implication.

*Judgment affirmed.*

The case was submitted on briefs.

*Daniel M. McDonald* for Lisa A. Medas.

*Mark Bobrowski & Adam J. Costa* for the plaintiff.